# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MACK JEFFERY THOMPSON, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:18-cv-00032 |
| | ) Judge Trauger |
| RUSTY WASHBURN, Warden,[1] | ) |
| Respondent. | ) |

## MEMORANDUM

Mack Jeffery Thompson filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 on January 9, 2018, while incarcerated at the Trousdale Turner Correctional Center in Hartsville, Tennessee. (Doc. No. 1.) On April 13, 2018, after being directed to respond to the petition, the respondent filed his Motion to Dismiss the Petition for Untimeliness (Doc. No. 12), supported by relevant portions of the record of state-court proceedings. (Doc. No. 11.) In response, the petitioner filed a Memorandum of Law in Support of Equitable Tolling. (Doc. No. 14.) The respondent's motion to dismiss is now before the court for disposition. For the reasons that follow, and by order entered contemporaneously herewith, the motion will be granted, and this action will be dismissed.

---

[1] Although the petitioner named the State of Tennessee as the respondent to his petition, the proper respondent to a habeas petition filed under 28 U.S.C. § 2254 is "the person who has custody over" the petitioner, 28 U.S.C. § 2242, who in this case is Rusty Washburn, the Warden of the Trousdale Turner Correctional Center. The Clerk must amend the docket in this case to reflect Warden Washburn as the respondent.

I.        **Procedural History**

On March 6, 2006, the Davidson County Criminal Court entered judgment on the petitioner's guilty plea to the offense of second-degree murder. (Doc. No. 11-7 at 7.) The trial court sentenced the petitioner on that date, pursuant to his plea agreement with the State, to a 40-year term of imprisonment without eligibility for early release. (*Id.* at 8–10.) The petitioner did not seek to withdraw his plea. However, he filed a timely petition for post-conviction relief on October 13, 2006 (Doc. No. 11-1), and a subsequent amendment thereto, wherein he claimed that trial counsel erroneously advised him his prison term would be 30 years rather than 40. (Doc. No. 11-2 at 6.)

The post-conviction court appointed counsel, who filed an amended petition which presented the claim that the petitioner's guilty plea was involuntary and unknowing because he "was not properly informed of the nature and consequences of his guilty plea under the plea bargain agreement worked out by his counsel and the State." (Doc. No. 11-4 at 3.) Following an evidentiary hearing, the post-conviction court denied relief in an order entered February 28, 2008. (Doc. No. 11-6.) In that order, the post-conviction court addressed the petitioner's claim "that he thought he was entering a plea with an agreed sentence of 30 years at 85%" and "was not aware of the 40-year sentence at 100% until he entered the guilty plea in open court." (*Id.* at 4.) The court found that the terms of the plea deal were properly communicated to the petitioner by trial counsel and unambiguously established at the plea hearing, where the petitioner agreed to accept such terms. (*Id.*)

The petitioner did not appeal the trial court's denial of post-conviction relief.

Seven years later, on April 30, 2015, the petitioner filed in Davidson County Criminal Court a *pro se* Motion for Correction of Illegal Sentence Pursuant to Tenn. Crim. P. Rule 36.1.

(Doc. No. 11-7 at 12–13.) In this motion, the petitioner argued, e.g., (1) that he had agreed to sentencing as a Range II offender but was not sentenced accordingly; and (2) that the State's pre-plea notice of its intention to seek an enhanced sentence of life without parole erroneously asserted the petitioner's status as a "repeat violent offender" under Tenn. Code Ann. § 40-35-120(a)(1),[2] when in fact his criminal history did not meet the statutory criteria, resulting in a plea bargain that was not informed by the petitioner's true maximum sentence exposure. (*Id.* at 12.) The trial court denied this motion, finding that the petitioner was appropriately sentenced as a Range II offender, and that even though the State's notice of sentence enhancement incorrectly cited § 40-35-120(a)(1), the petitioner otherwise qualified as a repeat violent offender under the statute, and he was not prejudiced by the defective notice. (*Id.* at 28–32.)

The petitioner appealed this ruling to the Tennessee Court of Criminal Appeals (TCCA), which affirmed the trial court's denial of the Rule 36.1 motion but remanded for correction of a clerical error on the judgment of conviction. (Doc. No. 11-13.) Specifically, the TCCA found that, despite the erroneous notice from the State and the mark on the judgment form designating the petitioner as a repeat violent offender, the plea agreement made no mention of this designation, and the sentence which the State agreed to was inconsistent with the designation. (*Id.* at 4.) Accordingly, the TCCA found that "the repeat violent offender designation on the judgment was a clerical error" and concluded that, while the petitioner's sentence was not illegal, remand to the trial court for correction of the clerical error was appropriate. (*Id.*) The TCCA further found that any argument concerning the knowing and voluntary nature of the petitioner's plea did not impact

---

[2]   Under this statute, "[t]he court shall sentence a defendant who has been convicted of [the predicate offenses] to imprisonment for life without possibility of parole if the court finds beyond a reasonable doubt that the defendant is a repeat violent offender as defined in subsection (a)." Tenn. Code Ann. § 40-35-120(g).

3

the legality of his sentence under Rule 36.1. (*Id.* at 4–5.) The petitioner filed an application for permission to appeal to the Tennessee Supreme Court (Doc. No. 11-14), which the Supreme Court denied on September 20, 2017. (Doc. No. 11-16.)

The petitioner filed his habeas petition in this court on January 9, 2018. Before the court is the respondent's motion seeking dismissal of the petition due to its untimeliness.

**II.     Analysis of the Motion**

**A.     The limitations period**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified at 28 U.S.C. § 2244, *et seq.*), petitions under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 635 (2010). In most cases, including the case at bar, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). In Tennessee, "a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry," so that a defendant who waives his right to appeal may file a motion to withdraw the previously entered plea if circumstances warrant. *State v. Green*, 106 S. W. 3d 646, 650 (Tenn. 2003). The petitioner did not seek to withdraw his guilty plea, so his conviction became final thirty days after the March 6, 2006 entry of judgment against him. Therefore, the petitioner's judgment of conviction became final on April 5, 2006.

The one-year statute of limitations thus began to run more than 11 years before the § 2254 petition was filed in this court. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitation period. 28 U.S.C. § 2244(d)(2). The petitioner filed his state post-conviction petition on October 13, 2006, which was 190 days after his conviction became final. Proceedings on that post-

4

conviction petition were pending until March 31, 2008, when the time for the petitioner to file an appeal from the February 28, 2008 denial of post-conviction relief expired. With the conclusion of state post-conviction proceedings, the running of the limitations period resumed, *DiCenzi v. Rose*, 452 F.3d 465, 468–69 (6th Cir. 2006), leaving the petitioner with 175 days (365 minus 190) from March 31, 2008 in which to file his federal habeas petition.

Under this calculus, the statute of limitations expired on September 23, 2008. The petitioner's § 2254 petition was not received in the Clerk's Office until January 9, 2018. The petition is thus untimely by nearly a decade.

### 2. Equitable tolling

The expiration of the statutory limitations period does not act as a jurisdictional bar to habeas relief, but may be equitably tolled in appropriate cases. *Holland*, 560 U.S. at 645–49. The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that he is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016).

The petitioner "asks this court to grant equitable tolling as the petitioner's state appointed counsel failed to appeal the petitioner's state post-conviction [case] after the trial court denied the petition." (Doc. No. 14 at 1.) In support of this request, the petitioner alleges that his post-conviction counsel had agreed in advance to file an appeal if the trial court denied his petition, and

5

that the petitioner assumed that counsel had filed such an appeal. He alleges that he was unable to reach counsel by telephone or correspondence to confirm the filing despite multiple attempts. (*Id.*) He states that "[i]t took the petitioner almost seven years of correspondence to decide that his court appointed counsel had abandoned him," and that upon realizing this, he decided to proceed *pro se* under Tenn. R. Crim. P. 36.1. (*Id.* at 2.)

As an initial matter, the court must note that the petitioner's Rule 36.1 motion to correct an illegal sentence does not affect the tolling analysis because the petitioner filed the motion in 2015, years after the statute of limitations had expired. *Johnson v. Westbrooks*, No. 3:13-cv-430, 2013 WL 1984395, at *1 (M.D. Tenn. May 13, 2013) ("Once the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) has expired, any motions or petitions for collateral post-conviction relief filed in the state courts cannot serve to toll or avoid the statute of limitations.") Nor did proceedings on that motion result in a finding that the petitioner had been sentenced erroneously and that re-sentencing was therefore required. If that result had been reached, and if the petitioner had been re-sentenced to "[a] new, worse-than-before sentence," then that new sentence would "permit[] a challenge to either the new sentence or the undisturbed conviction, [and] also restart[] AEDPA's one-year window to challenge that judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). But an order that "merely correct[s] a record to accurately reflect the court's actions"—as the TCCA ordered in the petitioner's case—does not constitute "a new sentence that resets the statute of limitations under § 2244(d)(1)(A)." *Id.* at 680.

Moreover, even if the petitioner justifiably assumed that his post-conviction counsel had filed an appeal on his behalf in 2008, the seven years the petitioner spent doing nothing more than attempting to contact his counsel does not evidence diligent pursuit of his rights. While the petitioner claims that he chose to be "diligent in his pursuit *of his counsel* to proceed with the

6

appeal" because he is untrained in the law, and otherwise pleads for consideration of his status as a *pro se* litigant (Doc. No. 14 at 2–3 (emphasis added)), "pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance" warranting equitable tolling. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). *See also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]")); *Taylor v. Palmer*, No. 2:14-cv-14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citation omitted) ("The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's pro se status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling."). Although the court agrees with the petitioner that counsel should have, at a minimum, communicated his desire to withdraw from the representation without filing an appeal to both the petitioner and the post-conviction court, his failure to do so simply cannot justify the length of time that the petitioner spent endeavoring to reach counsel rather than pursuing his remedies *pro se*, as his Rule 36.1 filings in state court and his filings before this court prove that he is capable of doing.

In short, the court finds that the petitioner did not pursue his rights diligently, only to be thwarted by "some extraordinary circumstance [that] stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. Accordingly, the petitioner is not entitled to equitable tolling of the limitations period. His untimely petition under § 2254 is therefore subject to dismissal.

Finally, the petitioner makes no claim of actual innocence of the charge of conviction, such that the court could reach the merits of his petition, despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an

7

"equitable exception to § 2244(d)(1)," rather than grounds for tolling). In view of the wide margin by which the petition in this case is untimely, the court need not consider the respondent's alternative argument that the petitioner procedurally defaulted the claim he asserts in his § 2254 petition.

**III. Conclusion**

In light of the foregoing, the petitioner's request for equitable tolling (Doc. No. 14) will be denied, the respondent's motion to dismiss (Doc. No. 12) will be granted, and this action will be dismissed.

"When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Swantak v. Romanowski*, No. 08-CV-10126, 2008 WL 186127, at *2 (E.D. Mich. Jan. 18, 2008) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court declines to issue a certificate of appealability in this case.

An appropriate order will be filed herewith.

_____
Aleta A. Trauger
United States District Judge